UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN ZWIEZINSKI, | ) | CASE NO. 1:20-cv-1555 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Parker (Doc. No. 16) with respect to plaintiff's complaint for judicial review of defendant's denial of her application for Disability Insurance Benefits ("DIB"). Plaintiff Karen Zwiezinski ("Zwiezinski" or "plaintiff") filed objections to the R&R (Doc. No. 17) and defendant Commissioner of Social Security ("Commissioner" or "defendant") filed a response to the objections (Doc. No. 18). Upon *de novo* review, and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts the R&R, and affirms the Commissioner's denial of DIB benefits.

I.  BACKGROUND

On September 27, 2017, Zwiezinski applied for DIB, alleging a disability onset date of March 30, 2017, and claiming limitation of her ability to work due to degenerative disc disease, sciatica, chronic neck pain, and high blood pressure. (Doc. No. 11, Transcript at 183–90; 216.[1])

---

[1] Page number references to the administrative transcript are to the bates numbers applied to the lower right-hand corner of each page. All other page number references herein are to the consecutive page numbers applied to individual documents by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

The application was denied both initially and upon reconsideration. (*Id*. at 73–98.) Zwiezinski requested a hearing before an Administrative Law Judge ("ALJ"), which was conducted on February 22, 2019. (*Id*. at 40–72; 117–18.) On April 29, 2019, the ALJ issued a decision finding that Zwiezinski was not disabled and had the residual functional capacity ("RFC") to perform light work with certain restrictions. (*Id*. at 22–39.) On May 13, 2020, the Appeals Council denied further review, rendering the ALJ's decision final. (*Id*. at 1–5.)

On July 14, 2020, Zwiezinski filed this case requesting judicial review. On July 2, 2021, Magistrate Judge Parker issued his R&R recommending that the Commissioner's decision be affirmed. Zwiezinski objects.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–

55 (6th Cir. 2010); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

**B.     Analysis**

The R&R considered Zwiezinski's argument that the ALJ's determination is not supported by substantial evidence because she did not assign appropriate weight to the opinion of Dr. Karen Sarpolis, the consultative examiner who evaluated Zwiezinski on August 3, 2018. The ALJ found Dr. Sarpolis' opinion "less persuasive" than the opinions of the State agency consultants. The R&R recommends affirmance of the ALJ's decision to discount Dr. Sarpolis' opinion because the ALJ applied proper legal standards and reached a conclusion supported by substantial evidence. The R&R further considered Zwiezinski's argument that the ALJ erred by finding that Dr. Sarpolis based her opinion heavily on Zwiezinski's subjective complaints and, in particular, that the ALJ failed to properly consider the SSR 16-3p factors.

Zwiezinski raises four objections, which are almost verbatim to the arguments in her opening brief before the Magistrate Judge.

First, Zwiezinski argues that this Court "should find there is insufficient articulation [of] the ALJ's finding that Dr. Sarpolis' opinion is not 'supported by or consistent with the medical evidence of record.'" (Doc. 17 at 2 (quoting Doc. No. 11 at 32).) She makes the identical assertion and supporting argument in her brief. (*See* Doc. No. 13 at 12–13.)

Second, Zwiezinski objects that "there is no indication that Dr. Sarpolis bases her opinions 'heavily' on [p]laintiff's subjective complaints." (Doc. No. 17 at 3 (quoting Doc. No. 11 at 32).) The identical argument is made in Zwiezinski's brief. (*See* Doc. No. 13 at 13.)

3

Third, Zwiezinski objects that, in concluding (as a basis for rejection of the medical consultant's opinion) that Zwiezinski participates in activities of daily living ("ADLs"), the ALJ (and the R&R) are "very selective" in the evidence they rely upon and "ignore" other record evidence that supports plaintiff's position that she cannot perform light work—evidence that she sets forth in some detail. (Doc. No. 17 at 3–4.) Once again, the identical argument and record citations can be found in her brief. (*See* Doc. No. 13 at 13–15.)

Finally, Zwiezinski asserts that the ALJ's decision "is devoid of any discussion into the factors [in SSR 16-3p]." (Doc. No. 17 at 5.) In particular, she claims "the ALJ does not discuss location/duration/frequency/intensity of [p]laintiff's pain, precipitating and aggravating factors, effects of her prescribed medication, in violation of SSR 16-3p and 20 C.F.R. § 404.1529." (*Id.*) This argument is virtually identical to that in her brief. (*See* Doc. No. 13 at 15–17.)

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Zwiezinski's "objections" are identical to those made in her opening brief, all of which are thoroughly (and correctly, in the Court's view) addressed in the R&R, applying all the correct legal standards. Zwiezinski fails to meet her burden to show any error in the R&R and/or the ALJ's decision.

4

### III. CONCLUSION

For the reasons discussed above, Zwiezinski's objections are overruled, and the R&R is accepted. Because the Commissioner's decision was supported by substantial evidence, it is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: November 18, 2021

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**